IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEEOTIS BAILEY,

    Petitioner,

v.                                  Case No. 5:23cv104/TKW/MAL

WARDEN KEVIN PISTRO

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") with a projected release date of October 12, 2023. https://www.bop.gov/inmateloc/. He initiated this case by filing a petition for writ of habeas corpus on April 17, 2023 seeking sentencing credit he claims is due to him under the First Step Act (FSA). ECF No. 2. On April 18, 2023, the Court ordered Petitioner to either remit the $5.00 filing fee or submit a complete application to proceed *in forma pauperis* with supporting documentation on or before May 18, 2023. ECF No. 5. Petitioner was advised that review of his habeas petition would be deferred until the matter of the filing fee was resolved and he was warned that failure to timely comply with an order of the Court would result in a recommendation of dismissal of this case.

On May 17, 2023, the clerk received a document from Petitioner dated May 1, 2023 which the clerk docketed as a "Motion Requesting the Court to Proceed with 2241 Motion and to Apply F.S.A. Credits and Reward the Sum of $750,000 for Force (sic) Imprisonment." ECF No. 6. In this submission, Petitioner reasserts his entitlement to FSA Credits, claims he should have been released from BOP custody as of March 1, 2023, and complains he is forced to remain in a hostile prison where fights and riots are regular occurrences. *Id.*

On May 24, 2023, the Court entered an order directing Petitioner to show cause why this case should not be dismissed due to his failure to comply with the Court's order. ECF No. 7. In that order, the Court noted Petitioner's "Request to Proceed" did not address the matter of the filing fee obligation. The order further provided that the show cause order would be discharged if Petitioner complied with the April 18, 2023 order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d

835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED** without prejudice.

2. Petitioner's "Motion Requesting the Court to Proceed with 2241 Motion and to Apply F.S.A. Credits and Reward the Sum of $750,000 for Force Imprisonment" (ECF No. 6) be **DENIED** as moot.

3. The clerk be directed to close the case file.

At Gainesville, Florida on June 13, 2023.

                                       s/ *Midori A. Lowry*
                                       Midori A. Lowry
                                       United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.